UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,
a/s/o Rainbow Enterprises, Inc.,
d/b/a Holiday Inn Express,
                                **Plaintiff,**

     vs.                                                                   3:09-CV-56

**DAVID J. HARDY CONSTRUCTION, INC.**

                                **Defendant.**
_____

Thomas J. McAvoy,
Sr. U.S. District Judge

## DECISION & ORDER

Philadelphia Indemnity Insurance Company ("Plaintiff"), as subrogee of Rainbow Enterprises, Inc., d/b/a Holiday Inn Express ("insured"), moves pursuant to Fed R. Civ. P. 55 and N.D.N.Y.L.R. 55.2(a) seeking entry of default judgment against David J. Hardy Construction Company, Inc. ("Defendant").

### I.    PROCEDURAL HISTORY

Plaintiff filed a complaint against Defendant on January 15, 2009 alleging that Defendant's negligence resulted in damages equal to, or in excess of, $86,970.13 to the property of Plaintiff's insured. Dkt. No. 1, at 1.  Prior to December 7, 2007, Defendant contracted to construct a 74-room Holiday Inn Express hotel for Plaintiff's insured. Dkt. No. 1, at 2-3.  On December 7, 2007, a pipe

on the premises of the Holiday Inn Express hotel froze and burst, causing extensive water damage to the property of Plaintiff's insured. Dkt. No. 1, at 3. Plaintiff alleges that the pipe froze and burst as a direct and proximate result of Defendant negligently failing to install the proper type of insulation to protect the sprinkler system from freezing temperatures. Dkt. No. 1, at 3. Pursuant to its insurance policy with insured, Plaintiff indemnified and paid its insured a total of $86,970.13. Dkt. No. 9, at 3, 17-26.

On April 21, 2009, having received no response from Defendant to a Request for Waiver of Service of Summons, Plaintiff served a copy of the Complaint and Summons upon the New York Secretary of State. Dkt. No. 6. Defendant has not filed a response to Plaintiff's Complaint, and no appearances have been entered on Defendant's behalf. Dkt. No. 9, at 3. On May 27, 2009, Plaintiff requested the Entry of Default. Dkt. No. 7. Default was entered on the same date. Dkt. No. 8. Plaintiff now moves for a default judgment. Dkt. No. 9.

## II.     LEGAL STANDARD

To obtain a default judgment, Plaintiff must satisfy the procedural requirements of Fed. R. Civ. P. 55 and N.D.N.Y.L.R. 55.2. Chao v. Party Rental Enter., Inc., 2008 WL 3851812, at *5 (N.D.N.Y. Aug. 15, 2008). Local Rule 55.2 requires Plaintiff to include a proposed form of default judgment and a copy of the pleading to which no response has been made. The moving party is also to include an affidavit setting forth: (1) that the responding party is not an infant or an incompetent person; (2) that the responding party is not in the military service; (3) that the responding party has defaulted in appearance in the action; (4) that service was properly effected under Fed. R. Civ. P. 4; (5) that the amount sought is justly due and owing and that no part has been paid; and (6) that the

disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

Plaintiff included a clerk's certificate of entry of default, a proposed form of default judgment and a copy of the pleading to which no response has been made with his motion to the Court. Dkt. No. 9, at 1, 7-15, 39. Plaintiff also submitted an affidavit setting forth the facts required to satisfy L.R. 55.2(a). Dkt. No. 9, at 41-43.

Defendant's failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. Volkswagen AG v. V.W. Parts, 2009 WL 1045995, at *1 (N.D.N.Y. Apr. 20, 2009) (citing H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006)). In defaulting, Defendant admits: (1) that the water loss and subsequent damage to the property of Plaintiff's insured on December 7, 2007 was the result of Defendant's negligence; and (2) that in causing the water loss and subsequent damage to the property of Plaintiff's insured on December 7, 2007, Defendant violated its contractual duties and obligations to Plaintiff's insured. Dkt. No. 9, at 10-12.

While Defendant's default constitutes a concession of Plaintiff's allegations, it is not considered an admission of damages. Volkswagen AG, 2009 WL 1045995, at *1 (internal citation omitted). A court may conduct a hearing to determine the amount of damages, but need not do so where it is ensured that there is a basis for the damages specified in the default judgment. Id. (citing Fustok v. ContiCommodity Serv., Inc., 873 F.3d 38, 40 (2d Cir. 1989)). Plaintiff provided the Court with four draft invoices showing payments made from Plaintiff to the insured in the amount of $86,970.13 in connection with the necessary repairs resulting from the pipe burst. Dkt. No. 9, at 17-26. While this provides an adequate basis for calculating damages, Defendant should have the opportunity to contest the amount. Accordingly, on or before August 20, 2009, Defendant shall file

with the Court, and serve on Plaintiff, affidavits and/or other evidence, admissible in form, opposing Plaintiff's claim for damages.  In the submission, Defendant shall also indicate whether it is requesting an evidentiary hearing.  Plaintiff shall then have until August 27, 2009 to file with the Court and serve on Defendant and reply documents concerning the computation of damages.

  For the foregoing reasons, Plaintiff's motion for default is GRANTED ON THE ISSUE OF LIABILITY.  The Court will reserve decision on the issue of damages until the parties have had an opportunity to be heard on that issue.

IT IS SO ORDERED.

Dated: August 6, 2009

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge